IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDRE VAN'T WESTINDE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-3576-O |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

<u>FINDINGS, CONCLUSIONS, AND RECOMMENDATION</u>

Pursuant to the order of reference dated September 6, 2013, this case has been referred for pretrial management.  Before the Court is *Defendant's Motion to Dismiss Plaintiff's First Amended Complaint*, filed October 16, 2013.  (doc. 14.)  Based on the relevant filings and applicable law, the motion should be **GRANTED**.

## I.  BACKGROUND

This action involves the attempted foreclosure of real property located at 4554 Harry's Lane, Dallas, Texas 75229 (the Property).  (doc. 10 at 2.)[1]  On August 9, 2013, Andre Van't Westinde (Plaintiff) filed this suit against JPMorgan Chase Bank, N.A. (Defendant) in the County Court at Law No. 2 of Dallas County for claims relating to the attempted foreclosure of the Property.  (doc. 1-5.)  On September 6, 2013, Defendant removed the action to this Court on the basis of diversity jurisdiction.  (doc. 1.)  Plaintiff filed his first amended complaint on October 3, 2013. (doc. 10.)

Plaintiff alleges he is the rightful owner of the Property.  On or about November 30, 2004, Plaintiff executed a note made payable to Defendant in connection with the Property, and a deed of trust to secure payment of the note.  (doc. 10 at 2; 10-1; doc. 10-2.)  The note provides that Plaintiff

---

[1]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

will be in default if he fails to pay the full amount of each monthly payment on the day it is due, and that he will pay a late fee if he does not pay the full amount of each payment within ten days after the due date. (doc. 10-1 at 2.)  Similarly, the deed of trust provides that Plaintiff will pay the principal and interest when due. (doc. 10-2 at 2.)  Plaintiff used the loan proceeds to pay off a prior home equity loan and build a warehouse. (doc. 10 at 3.)  After it was completed, Plaintiff used the rent received on the warehouse to make the loan payments. (*Id.*)  In November of 2011, he lost income when two of his warehouses failed to renew their leases, and he "got behind on his loan payments."  He tried to make a payment at one of Defendant's branch locations, but his payment was denied. (*Id.*)

In January of 2012, Plaintiff allegedly received an envelope from Defendant offering to help homeowners in trouble and asking him to call. (*Id.*)  When Plaintiff called Defendant, it offered to "reduce the interest rate in order to help Plaintiff with payments." (*Id.*)  Plaintiff contends that he faxed his financial information to Defendant, but it declined to give him the loan modification. (*Id.*)  He alleges that Defendant also informed him that it did not use email for communication. (*Id.*)

Plaintiff alleges that he received another envelope from Defendant in April of 2012 offering to help homeowners having financial difficulties. (doc. 10 at 3.)  Plaintiff called Defendant, and it offered him a loan modification. (*Id.*)  He claims that he sent in his financial information as requested, but Defendant again denied the loan modification. (*Id.*)  Later in April and again in June, Plaintiff allegedly received phone calls from Defendant "offering a loan modification." (*Id.* at 4.)  When requested, he faxed the required financial information. (*Id.*)  He alleges he was asked to fax additional information to Defendant several times, which he did. (*Id.*)  However, Defendant allegedly denied his loan modification each time. (*Id.*)

Plaintiff contends that on August 30, 2012, he called Defendant to update it on his financial

situation.  (*Id.*)  He was told to talk to another department "to pursue options for getting his mortgage situation corrected."  (*Id.*)  Plaintiff alleges that he called Defendant on or about September 2, 2012, and Defendant "promised to help get[] Plaintiff's mortgage situation corrected and asked for more financial information."  (*Id.* at 5.)  However, a few days later, Defendant again denied his request for a loan modification.  (*Id.*)  Plaintiff again called Defendant in November and expressed interest in settlement, but was told that Defendant was uninterested, and that "there was not anything else that could be done."  (*Id.*)

Plaintiff received a notice of foreclosure on or about July 2, 2013.  (*Id.*)  He alleges that he received another letter in late July of 2012 offering to help homeowners in trouble.  (*Id.*)  He called Defendant and expressed interest in settling the loan, but it was unwilling to settle the loan.  (*Id.*)

Plaintiff asserts claims for breach of contract and anticipatory breach of contract, unreasonable debt collection, violation of the Texas Debt Collection Practices Act (TDCPA), negligent misrepresentation, and unjust enrichment.  (*Id.* at 5-12.)  He seeks declaratory relief, an accounting, attorneys' fees, exemplary damages, and damages for loss of creditworthiness, mental anguish and "acute psychic trauma," lost time, and loss of title.  (*Id.* at 12-13.)

On October 16, 2013, Defendant moved to dismiss the amended complaint pursuant to Fed. R. Civ. P. 8(a) and Fed. R. Civ. P. 12(b)(6).  (doc. 15.)  It requested in the alternative that Plaintiff be ordered to "plead causes of action supported by specific facts that provide fair notice of [his] claims against [Defendant]."  (*Id.*)  The motion is now ripe for recommendation.[2]

---

[2]Defendant notes in its reply that Plaintiff attempts to amend his live pleading by adding "various allegations and causes of action by and through his Response without [Defendant's] written consent and without the Court's leave."  (doc. 19 at 3.)  Because the represented plaintiff has not sought or been granted leave to amend his first amended complaint, and Defendant has not consented to an amendment under Fed.R. Civ. P. 15(a)(2), any new causes of action or facts alleged for the first time in the response have not been considered.  (*See id.*)

## II.  MOTION TO DISMISS UNDER RULES 8(a) & 12(b)(6)

Defendant moves to dismiss Plaintiff's amended complaint pursuant to Fed. R. Civ. P. 8(a) and Fed. R. Civ. P. 12(b)(6) on the grounds that the amended complaint "asserts no viable cause of action or cognizable claim by which Plaintiff may be entitled to relief."  (doc. 14 at 1.)

### A.  <u>Legal Standard</u>

Under Rule 8(a)(2), "[a] pleading that states a claim for relief . . . must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) in turn allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted.  *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).  Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted).  Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555.  The alleged facts must "raise a right to relief above the speculative level."  *Id.*  In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 129 S. Ct. at 1950–51.

"Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Likewise; documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins*, 224 F.3d at 499 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

Here, Plaintiff attached a "Texas Home Equity Loan Note (Fixed Rate) (Homestead)," a "Texas Home Equity Loan Deed of Trust (Homestead)," and an application for foreclosure and corresponding citation of service to his amended complaint. (docs. 10-1, 10-2, 10-3.) These documents are therefore considered part of the pleadings, and conversion of the motion to dismiss into a motion for summary judgment is unnecessary.

## B.   Breach of Contract

Defendant moves to dismiss Plaintiff's breach of contract claims, which are based on assertions

that Defendant breached the deed of trust, the note and an oral, unilateral contract.  (doc. 15 at 3-4.)

The essential elements of a breach of contract claim in Texas are: (1) the existence of a valid contract; (2) breach of the contract by the defendant; (3) performance or tendered performance by the plaintiff; and (4) damages sustained by the plaintiff as a result of the defendant's breach.  *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)).

### 1.   Breach of the Note and Deed of Trust

Defendant initially moves to dismiss Plaintiff's claim for breach of the note and deed of trust on  grounds that he has not stated a plausible claim because he fails to identify any specific conduct that violated the note or deed of trust.  (doc. 15 at 10.)

Plaintiff alleges that "Defendant violated provisions of [the] Note and Deed of Trust, resulting in numerous breaches of contract."  (doc. 10 at 6.)  The only provision of the note or deed of trust that he specifically identifies is paragraph 14 of the deed of trust.[3]  (*Id*.)  He states that "because paragraph 14 of the Deed of Trust requires that the instrument comply with federal and state law, any violations of state law, including the Texas Property Code, and federal law, are also breaches of the Deed of Trust contract." (*Id*.)  Paragraph 14 states that the extension of credit is governed by federal law and Ohio law.  (doc. 10-2 at 5.)   It further states that, "[i]f any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision."  (*Id*.)  This

---

[3]Plaintiff actually alleges that "Defendant breached paragraph 16". (doc. 10 at 6.)  He referenced paragraph14 previously in the same paragraph, however, which deals with governing law. Paragraph 16 of the deed of trust, on the other hand, deals with sale of the note and change in servicer, neither of which is discussed in the amended complaint. To the extent Plaintiff does contend that Defendant breached paragraph 16 of the deed of trust instead of paragraph 14, he still fails to state a claim for breach of contract because he fails to specify the conduct that caused the violation, and the provisions of the deed of trust and note that were breached as a result.

paragraph does not suggest, as Plaintiff contends, that a violation of federal or state law would constitute a breach of the deed of trust or the note.

Even assuming that any violation of federal or state law constitutes a breach of the deed of trust or note, Plaintiff fails to specify what violations of state or federal law were committed by Defendant and which provisions of the deed of trust and note were resultantly breached. His bare-bones and conclusory allegations fail to give rise to a reasonable inference that the note and deed of trust were breached by Defendant. Therefore, Plaintiff fails to state a claim for breach of the note and deed of trust. *See Williams v. Wells Fargo Bank, N.A.*, 560 Fed. App'x. 233, 238 (5th Cir. 2014) (finding plaintiffs' allegation that defendants "breached the deed of trust by deliberately or negligently accelerating the note and foreclosing on their property" failed to state a claim for breach where they failed to identify the provision of the deed of trust defendant allegedly breached); *Coleman v. Bank of America, N.A.*, No. 3:11-cv-0430-G, 2011 WL 2516169, at *1 (N.D.Tex. May 27, 2011), *report and recommendation adopted*, 2011 WL 2516668 (N.D. Tex. June 22, 2011) (finding breach of contract claim failed where "plaintiff point[ed] to no specific provision in the Deed of Trust that was breached by defendant"). Defendant's motion to dismiss Plaintiff's claim for breach of the note and deed of trust should be granted.[4]

### 2.       *Breach of Oral, Unilateral Contract*

Defendant states that "[p]laintiff appears to assert that there was an oral promise made by [Defendant] to modify the loan. (doc. 15 at 12.) It also notes that "[p]laintiff makes a passing reference to a unilateral contract that was allegedly breached by [Defendant] when it posted the

---

[4]Defendant also argues that Plaintiff cannot state a claim for breach of the note and deed of trust because he himself is admittedly in breach of the note and deed of trust. (doc. 15 at 11.) Because Plaintiff fails to state a claim, it is unnecessary to reach this ground.

property for foreclosure.  (*Id.* at 13.)  Defendant argues that Plaintiff's allegations are not specific enough to raise a claim for breach of an alleged oral promise to modify the loan or to forgo foreclosure during the modification process, and Plaintiff alleges no facts to demonstrate how a unilateral contract was formed.  (*Id.* at 12-13.)[5]  Defendant also argues that the alleged oral promises are unenforceable under the statute of frauds.  (*Id.* at 12-13.)

In Texas, "a unilateral contract is 'created by the promisor promising a benefit if the promisee performs.'"  *Watson v. Citimortgage, Inc.*, 814 F. Supp. 2d 726, 732 (E.D. Tex. 2011) (citing *Vanegas v. Am. Energy Servs.*, 302 S.W.3d 299, 302 (Tex. 2009)).  The promise binds the promisor only when the promisee accepts the offer by rendering performance.  *Id.*  (citing *Johnston v. Kruse*, 261 S.W.3d 895, 898 (Tex. App.—Dallas 2008, no pet.)).  Until the promisee performs, the contract is merely an illusory promise that "lacks mutuality ... and is unenforceable."  *Id.*

Plaintiff alleges that "Plaintiff relied on Defendant's representations and promises, namely that Defendant would modify the loan in order to help Plaintiff," and "Plaintiff's reliance on Defendant's promises constituted a unilateral contract which was breached by Defendant when [it] posted Plaintiff's property for [a] foreclosure sale."  (doc. 10 at 7.)  Plaintiff also alleges in the factual summary that Defendant's representatives verbally offered to "reduce the interest rate in order to help plaintiff with the payments," "offered a loan modification," and "promised to help get[] Plaintiff's mortgage situation corrected."  (*Id.* at 3, 5.)

Here, even if it is assumed that Defendant promised to modify the loan, the promise remained illusory and unenforceable until Plaintiff accepted the offer through performance.  *See Watson*, 814

---

[5]Defendant asserts that Plaintiff cannot assert a breach of contract premised on alleged oral promises to modify in addition to asserting that Plaintiff cannot assert a claim for unilateral contract.  (*See* doc. 15 at 12-13.)  Because the alleged oral promise to modify is the alleged unilateral contract (*see* doc. 10 at 7; doc. 18 at 11), the arguments are discussed together.

F. Supp. 2d at 732.  Plaintiff does not identify the performance that he was required to render, let alone allege that he actually performed, so the promise to modify remained illusory.  Plaintiff's claim for breach of a unilateral contract fails for this reason.  *See id.*

In addition, courts have held that an agreement to modify an existing loan must comply with the statute of frauds.  *Enis v. Bank of America, N.A.,* No. 3:12-cv-0295-D, 2012 WL 4741073, at *3(N.D. Tex. Oct. 3, 2012); *see also Wiley v. U.S. Bank, N.A.*, No. 3:11-CV-1241-B, 2012 WL 1945614, at *6 (N.D. Tex. May 30, 2012).  The Texas statute of frauds provides that a loan agreement that exceeds $50,000 in value is not enforceable unless it "is in writing and signed by the party to be bound or by that party's authorized representative." Tex. Bus. & Com. Code Ann. § 26.02(b).  Section 26.02(b) "makes unenforceable oral modifications to a loan agreement ... unless they fall within an exception to the statute of frauds or do not 'materially alter the obligations imposed by the original contract.'"  *Kiper*, 884 F. Supp. 2d at 571 (citation omitted).  Agreements to modify lending terms, such as the interest rate, the amounts of installments, security rights, and the remaining balance of the loan have been held to be material modifications that must be in writing.  *See Horner v. Bourland*, 724 F.2d 1142, 1148 (5th Cir. 1984); *see also Edward Scharf Associates, Inc. v. Skiba*, 538 S.W.2d 501, 502 (Tex. Civ. App.—Waco, 1976, no writ.).  Notably, Plaintiff asserts no facts showing either that his mortgage (or the amount to be modified) was less than $50,000,[6] or that Defendant's alleged offer to reduce his interest rate and modify his particular loan was at some point reduced to writing.[7]

---

[6]The Texas home equity loan note shows that Plaintiff borrowed $488,831.00 from Defendant.  (*See* doc. 10-1 at 1.)  In the amended complaint, Plaintiff does not allege that at any time between November 2011 and November 2012, the principal on his loan was less than $50,000.  (*See* doc. 10.)

[7]Plaintiff does allege that he received letters or envelopes from Defendant offering to help "homeowners" who needed financial assistance with their mortgages.  (doc. 10 at 3,5.) These letters appear to be general letters from Defendant sent to all its homeowners.  To the extent Plaintiff contends that these letters, in addition to the alleged oral promises by Defendant, were unilateral contracts upon which he relied, the statute of frauds does not apply to them.  However, because the alleged promises are illusory and unenforceable for the reasons stated above, Plaintiff's alleged

9

Accordingly, unless an exception applies, any claim that Defendant's alleged oral offer to help him created a unilateral contract is barred by the statute of frauds. *See Wiley*, 2012 WL 1945614, at *6. Defendant's motion to dismiss Plaintiff's claim for breach of the alleged oral, unilateral contract should be granted.

## C.   <u>Anticipatory Breach</u>

Defendant seeks to dismiss Plaintiff's claim for anticipatory breach of contract on the basis that there are no factual allegations to support Plaintiff's conclusory allegations. (doc. 15 at 16.)

The elements of an anticipatory breach of contract action in Texas are "(1) an absolute repudiation of the obligation; (2) a lack of just excuse for the repudiation; and (3) damage to the nonrepudiating party." *Swim v. Bank of America, N.A.*, No. 3:11–CV–1240–M, 2012 WL 170758, at *4 (N.D. Tex. Jan. 20, 2012) (citing *Gonzalez v. Denning*, 394 F.3d 388, 394 (5th Cir. 2004)). "The party's intent to abandon a contractual obligation may be based on either words or actions, but such declaration must be expressed in positive and unconditional terms." *Wiley,* 2012 WL 1945614, at *3 (citation omitted).

Plaintiff alleges that in addition to breaching the contract, Defendant's actions "intentionally prevented Plaintiff from performing the contract." (doc. 10 at 7.) He alleges in the factual summary that Defendant denied his loan modification and attempted to foreclose. (*See* doc.10 at 3-6.) Not only does he fail to allege which contract Defendant prevented him from performing, but he fails to allege which obligations in the note, deed of trust, or the alleged oral, unilateral contract Defendant allegedly repudiated.[8]  Without an obligation, there can be no breach or repudiation necessary to establish

---

reliance on those letters does not constitute a unilateral contract.

[8]Defendant implies in his response that the applicable contracts are the note and deed of trust. (*See* doc. 18 at 14.)

anticipatory breach.  *See Sanghera v. Wells Fargo Bank*, *N.A.*, No. 3:10-CV-2414-B, 2012 WL 555155, at *5 (N.D. Tex. Feb. 21, 2012)  ("With no obligation to act there is necessarily no breach of duty.")  Also, his conclusory allegation that Defendant intentionally prevented him from performing, and his allegations that Defendant denied him a loan modification and attempted to foreclose, are not sufficient to demonstrate an intent to abandon Defendant's obligations under the note or deed of trust. *See Swim*, 2012 WL 170758, *5 (finding allegations that defendants repudiated their contractual obligations under the deed of trust by attempting to foreclose and not approving a loan modification did not demonstrate an intent to abandon defendant's obligations and at worse, demonstrated that defendants gave conflicting messages to plaintiffs); *Enis v. Bank of America, N.A.*, No. 3:12-cv-0295, 2013 WL 4741073 (N.D.Tex. Oct. 3, 2012)(finding allegation that Defendant sought foreclosure despite promising not to foreclose while loan modification was pending was not a contractual obligation in the deed of trust).  Plaintiff has therefore failed to establish the first element of an anticipatory breach of contract claim.  He has also failed to allege the second and third elements: lack of a just excuse for the alleged repudiation and resulting damage from the repudiation.

Plaintiff's claim for breach of anticipatory contract fails, and Defendant's motion to dismiss it should be granted.

### D.    Unreasonable Debt Collection

Defendant seeks to dismiss Plaintiff's claim for unreasonable debt collection because he fails to plead sufficient facts to provide fair notice of the claim.  (doc. 15 at 18.)

Although the intentional tort of "unreasonable collection efforts" does not have a precise definition, courts in Texas generally define it as "efforts that amount to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm."  *Sanghera*,

2012 WL 555155, at *6 (citing *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App.—Dallas 2008, no pet.)).[9]   Generally, "damages for mental anguish unaccompanied by physical injury are recoverable . . . if at all, only as a result of the most egregious abuses in debt collection." *McDonald v. Bennett*, 674 F.2d 1080, 1088 (5th Cir. 1982).

Here, Plaintiff contends that Defendant strung him along, "resulting in numerous missed payments, late fees, penalties, and other charges." (doc. 10 at 8.) He asserts that Defendant repeatedly represented to him that a modification was forthcoming, and he claims that he was at the mercy of "Defendant's difficult and unclear process, especially considering its own employees could not carefully instruct [him] on how to properly fill out the documents". (*Id*.)   Finally, Plaintiff contends that "Defendant charged up [his] account to the point of foreclosure." (*Id*.)   He seeks to recover, among other things, damages for loss of credit and credit reputation, mental anguish and emotional distress, loss of title to his home, and for exemplary damages.   (*Id*. at 9–10.)

Without more, these allegations could not plausibly entitle Plaintiff to relief because courts have found that a lender's failure to offer foreclosure alternatives does not constitute unreasonable collection efforts. *See, e.g.*, *Sanghera*, 2012 WL 555155, at *7 (holding that defendant's foreclosure after it promised not to foreclose and after it accepted partial payments under a modification plan did "not, as a matter of law, rise to a level of 'efforts that amount to a course of harassment that was willful, wanton, and malicious'") (citation omitted); *Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 814–15 (N.D. Tex. 2012) (holding that the defendant's alleged conduct of failing to give the plaintiff the opportunity to reinstate or cure the default and intentionally misleading and delaying

---

[9]The Fifth Circuit has noted that "the Texas Supreme Court has never delineated a standard for this tort," and has upheld the standard set out in *Jones*. *See De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 Fed. App'x 200, 204–05 (5th Cir. 2012).

him to the point of foreclosure did not constitute unreasonable collection efforts). Accordingly, Defendant's motion to dismiss this claim should be granted.

**E.**     **Texas Debt Collection Practices Act**

Defendant also seeks to dismiss Plaintiff's claim for violation of the TDCPA for failure to sufficiently that its charges and fees were not legally chargeable, and that it misrepresented the amount owed on the loan.   (*See* doc. 15 at 19.)

"The TDCPA prohibits debt collectors from using various forms of threatening, coercive, harassing or abusive conduct to collect debts from consumers." *Merryman v. JPMorgan Chase & Co.*, No. 3:12-CV-2156-M (BH), 2012 WL 5409735, at *4 (N.D. Tex. Oct. 12, 2012), *report and recommendation adopted*, 2012 WL 5409749 (N.D. Tex. Nov. 5, 2012).   The Act defines "debt collector," in relevant part, as "a person who directly or indirectly engages in debt collection."  Tex. Fin. Code Ann. § 392.001(6).  "Debt collection" is defined as "an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." *Id.* § 392.001(5).  Debt collection can include "actions taken in foreclosing real property." *Sanghera*, 2012 WL 555155, at *7 (citation omitted); *Swim,* 2012 WL 170758, at * 5.

*1.     Section 392.303(a)(2)*

Section 392.303(a)(2) of the Texas Finance Code prohibits a debt collector from "collecting or attempting to collect interest or a charge, fee, or expense incidental to the [debt] obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer."  Tex. Fin. Code § 392.303(a)(2).  Plaintiff alleges that Defendant imposed late fees and penalties to his account that were "unauthorized" and "incidental" because "Defendant should not have declared Plaintiff in default." (doc. 10 at 10.)

13

Plaintiff fails to allege facts showing that Defendant attempted to collect charges that are not authorized by the note or the deed of trust. The note and deed of trust authorize Defendant to charge fees and loan charges, including late fees, in connection with Plaintiff's default and Defendant's pursuit of remedies under the note and deed of trust.[10] (*See* doc 10-1 at 1,3; doc. 10-2 at 2,5.) Plaintiff's claim under § 392.303(a)(2) fails for this reason. *See Williams,* 2014 WL 1044304, at *6 (finding plaintiffs' general assertion of "wrongful charges" was insufficient to state claim under § 392.303(a)(2) where plaintiff failed to allege that imposition of charges was not authorized by the parties' agreement or legally chargeable to them); *Verdin v. Federal Nat. Mortg. Ass'n*, 540 F.App'x 253, 257 (5th Cir. 2013)(finding claim under § 392.303(a)(2) failed because the loan agreement expressly authorized the bank to demand fees and charges in the event of default); *Carrington v. Bank of America, N.A.*, No. H-12-1542, 2013 WL 265946, at * 11 (S.D.Tex. Jan. 17, 2013) (finding plaintiffs' allegation that defendant added late fees when its agent represented that plaintiffs' modification would not be approved if they continued to pay their mortgage during the modification period failed to state a claim under § 392.303(a)(2) because the deed of trust specifically allowed imposition of late charges).

Also, Plaintiff fails to identify any fees or penalties incidental to his loan that Defendant imposed. Without any specific facts to support, his conclusory allegations are insufficient to state a claim under § 392.303(a)(2). *Price v. U.S. Bank Nat. Ass'n*, No. 3:13-cv-175, 2014 WL 803722, at *6 (N.D. Tex. Feb. 28, 2014)(finding plaintiff's allegation that defendants' conduct violated §

---

[10]The note states: "If [Plaintiff][does] not pay the full amount of each monthly payment within ten (10) days after the date on which it is due, [Plaintiff] promise[s] to pay a late fee...")  (doc. 10-1 at 1.)  It also states: "If the [Defendant] has required [Plaintiff] to pay immediately in full...[Defendant] will have the right to be paid back by [Plaintiff] for all costs and expenses in enforcing this Note to the extent not prohibited by law." (*Id*. at 3.)  The deed of trust states that in the event Defendant exercises the power of sale under the deed of trust "[Defendant] will be entitled to collect all expenses incurred in pursuing the remedies provided in [the deed of trust]." (*Id*. at 5.)

392.303(a)(2) failed to state a claim without any specific facts in support); *Bircher v. Bank of New York Mellon*, No. 4:12-cv-171, 2012 WL 3245991, at * 3 (N.D. Tex. Aug. 9, 2012)(finding plaintiff failed to state a plausible allegation of violation of § 392.303(a)(2) where petition contained scant factual specificity regarding any misrepresented amounts); *Swim*, 2012 WL 170758, at *6 (finding conclusory allegation that defendants imposed wrongful charges on plaintiffs' mortgage account was insufficient to put defendants on fair notice of plaintiffs' claim under § 392.303(a)(2)).  Defendant's motion to dismiss Plaintiff's claim under § 392.303(a)(2) should be granted.

### 2.      *Section 392.304(a)(19)*

During debt collection, or in obtaining information concerning a consumer, § 392.304(a) prohibits a debt collector from using "a fraudulent, deceptive, or misleading representation that employs [certain prohibited] practices."   Tex. Fin. Code Ann. § 392.304(a).   "Subsection 392.304(a)(19) operates effectively as a 'catch-all' provision, prohibiting a debt collector from 'using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.'"  *Sanghera*, 2012 WL 555155, at * 8 (citing *Id.* § 392.304(a)(19)); *see also Williams*, 2014 WL 1044304, at *6.

Plaintiff alleges that Defendant "forced him to incur additional penalties as he waited to hear from Defendant about a solution," and it induced him to get further behind on his account and accrue more penalties by representing that his loan would be modified.  (doc. 10 at 10.)  The late fees and penalties "accumulated to such an amount that Plaintiff's home was forced into foreclosure." (*Id.*)

Defendant's alleged representations that Plaintiff's loan would be modified are not communications in connection with the collection of a debt under § 392.304(a)(19).  *See Singha v. BAC Home Loan Servicing, L.P.*, No. 13-040061, 2014 WL 1492301, at *5 (5th Cir. Apr. 17, 2014)

(finding plaintiff's allegations of what occurred during several phone calls and other contacts during a protracted loan modification process are not communications in connection with collection of a debt under § 392.304(a)(19)).  They are also not representations or misrepresentations of the amount or character of a debt under § 392.304(a)(19).  *See id.* (noting that its statement in a prior opinion that "[d]iscussions regarding loan modifications or a trial payment plan are not representations or misrepresentations, of the amount of character of [a] debt," actually referred to § 392.304(a)(8) but that provision of the TDCPA appears to be analogous to § 392.304(a)(19)) (alterations in original); *Johnson v. Wells Fargo Bank, N.A.*, No. 3:13-cv-1793 -M, 2014 WL 717191, at *10 (N.D. Tex. Feb. 24, 2014) ("Discussions regarding loan modification or a trial payment plan are not representations, or misrepresentations, of the amount or character of the debt.")(quoting *Fath v. BAC Home Loans*, No. 3:12-cv-1755-0, 2013 WL 3203092, at *5 (N.D. Tex. June 25, 2013)).  Accordingly, Defendant's motion to dismiss Plaintiff's claim under § 392.304(a)(19) should be granted.

### 3.      Section 392.301(a)(8)

Although Defendant seeks to dismiss Plaintiff's TDCPA claim as a whole, it does not specifically address his claim that it violated § 392.301(a)(8).  (*See* doc. 15 at 19.)  Plaintiff alleges that Defendant violated § 392.301(a)(8) "by foreclosing when the law prohibits it." (doc. 10 at 10.)  Since Defendant did not foreclose on the Property, this claim necessarily fails.  Plaintiff does attempt to clarify this allegation in his response by arguing that Defendant was prohibited from "*threatening* to foreclose upon the Property.*"  (doc. 18 at 16.) (emphasis added).  This allegation cannot plausibly entitle him to relief because he does not allege any facts showing that Defendant used threats or coercion in connection with the attempted foreclosure.  *See Swim*, 2012 WL 170758, at *5 (dismissing claim under § 392.301(a)(8) because plaintiffs failed to allege, among other things, "how Defendants

used threats or coercion" in connection with "foreclosing and selling the Property").  Therefore, the Court should *sua sponte* dismiss Plaintiff's claim under § 392.301(a)(8) for failure to state a claim.[11]

## F.    Negligent Misrepresentation

Defendant seeks to dismiss Plaintiff's negligent misrepresentation claim on the basis that "Plaintiff fails to identify any specific representation of existing fact made by [Defendant] or any explanation of how such representation was false".[12]  (doc. 15 at 21.)  Additionally, it contends that any reliance on alleged oral representations concerning a loan modification are unenforceable unless they are in writing.  *Id.*

A claim for negligent representation under Texas law consists of four elements: (1) the defendant made a representation in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation.  *Chance v. Aurora Loan Services, L.L.C.*, No. 3:11-CV-1237-BH, 2012 WL 912939, at *5 (N.D. Tex. Mar. 19, 2012) (citing *Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391 (5th Cir. 2005) and *Nazareth Int'l. Inc. v. J.C. Penney Co.*, 287 S.W.3d 452, 460 (Tex. App.—Dallas 2009, pet. denied)).  The false information complained of "must be a misstatement of an existing fact rather than a promise of future conduct."  *Id.*; *DeFranceschi*, 837 F. Supp. 2d at 625–26.

_____

[11]A court may sua sponte dismiss a claim as long as the plaintiff has notice of the court's intention and an opportunity to respond.  *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Shawnee Int'l., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)).  The fourteen-day time frame for filing objections to a recommended dismissal provides the required notice and opportunity to respond.  *See Ratcliff v. Coker*, No. 9:08cv127, 2008 WL 4500321, at *3 n. 1 (E.D. Tex. Sept. 26, 2008).

[12]Defendant also argues that Plaintiff's negligent misrepresentation is barred by the economic loss doctrine.  Since Plaintiff fails to state a plausible claim for negligent misrepresentation, it is unnecessary to reach this argument. .

Plaintiff alleges:

Defendant represented, numerous times, an inaccurate assessment of Plaintiff's account and whether he would obtain a loan modification. Plaintiff trusted Defendant's specialists, to guide him through this process. Defendant misrepresented the loan modification process.   Plaintiff justifiably relied on those representations, and as a result, Plaintiff sustained damages, including but not limited to court costs, economic damages, and damages for mental anguish and emotional distress.

(doc. 10 at 11.)  Defendant's purported representation regarding whether Plaintiff "would" obtain a loan modification is a statement of future action.  *See Milton v. U.S. Bank Nat. Ass'n,* 508 F.App'x 326, 329 (5th Cir. 2013) (finding plaintiff failed to state a claim based on defendant's purported statement "that the Property would not be foreclosed upon while his [HAMP] application was pending" because "under Texas law, promises of future action are not actionable as a negligent-misrepresentation tort")(citations omitted); *James v. Wells Fargo Bank, N.A.*, 533 Fed. Appx. 444, 448 (5th Cir. 2013) (finding "alleged promises that plaintiffs would be eligible for HAMP and the foreclosure sale would be postponed" were promises of future conduct and therefore "not actionable as a negligent misrepresentation tort"); *Chance*, 2012 WL 912939, at *5 (dismissing negligent misrepresentation claim where the alleged misrepresentation was that "the foreclosure process would not proceed"); *Kazmi v. BAC Home Loans Servicing, L.P.*, No. 4:11-cv-275, 2012 WL 629440, *14 (E.D.Tex. Feb. 3, 2012) ("purported representations that Plaintiff would receive a loan modification or that foreclosure would not occur pending modification is [sic] not actionable because it is a promise of future conduct"), *report and recommendation adopted*, 2012 WL 629433 (E.D.Tex. Feb. 27, 2013).

 Additionally, Plaintiff's allegations that Defendant inaccurately represented his account numerous

times[13] and "misrepresented the loan modification process" relate to Defendant's alleged promise to provide a loan modification, so they also qualify as statements of future action. *Richardson*, 873 F.Supp.2d at 816 (finding the alleged misrepresentations were related "to promises to provide a loan modification, or the possibility of lowering plaintiff's mortgage payment, or the circumstances under which Wells Fargo would not foreclose or would rescind a foreclosure" and so they constituted promises of future conduct and could not form the basis of a negligent misrepresentation claim); *Wiley*, 2012 WL 1945614, at *12 (finding plaintiff's claims relating to promises to provide a loan modification and promises not to foreclose constituted promises of future conduct and could not form the basis of a negligent misrepresentation claim). The allegations therefore cannot form the basis of a negligent misrepresentation action.

Also, Plaintiff's claims regarding Defendant's alleged oral misrepresentations about the loan modification are barred by the statute of frauds. *See Gamez v. Wells Fargo Bank, N.A.*, No. 4:11-cv-919, 2013 WL 960464, at *5 (S.D.Tex. 2013) (holding plaintiff's negligent misrepresentation claims based on defendant's statement that the foreclosure sale was cancelled was barred by the statute of frauds); *Owens v. BAC Home Loans Servicing, L.P.*, No. H-11-2742, 2013 WL 1345209, at *5 (S.D. Tex. 2013) (holding plaintiff's negligent misrepresentation claim based on defendant's oral statement that it would grant plaintiffs a deferment on their loan was barred by the statute of frauds); *Carrington*, 2013 WL 265946, at *11 (finding alleged oral false promises were unenforceable under the statute of frauds). Plaintiff has failed to allege any representations by Defendant regarding the loan modification

---

[13]Plaintiff is not clear as to what representation Defendant made that was an inaccurate assessment of his account. Presumably, the alleged representations regarding the account is that the loan would be modified, or the representation relates to the alleged promise by Defendant to modify Plaintiff's loan. To the extent the alleged representation is not, in fact, related to the alleged promise to modify the loan and qualifies as a statement of existing fact, it is still insufficient to state a claim for negligent misrepresentation because it is barred by the statute of frauds.

outside of the oral statements.  Accordingly, Plaintiff fails to provide sufficient facts to state a claim for negligent misrepresentation, and Defendant's motion to dismiss this claim should be granted.

## G.    Unjust Enrichment

Defendant seeks to dismiss Plaintiff's claim for unjust enrichment because an express contract covers the subject matter at issue.  (doc. 15 at 23.)

In Texas, a plaintiff may recover for unjust enrichment if the defendant "has obtained a benefit from [him] by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992).  In essence, an unjust enrichment claim "characterize[s] the result of the [defendant's] failure to make restitution of benefits under such circumstances as to give rise to an implied or quasi-contract to repay." *Coleman v. Bank of New York Mellon*, No. 3:12-CV-04783-M-BH, 2013 WL 4761111, at *14 (N.D. Tex. Sept. 4, 2013) (citations omitted) (alterations in *Coleman*).  Nevertheless, "there can be no recovery for unjust enrichment under a quasi-contract or contract implied-in-law theory when a valid, express contract covers the subject matter of the parties' dispute." *Merryman v. JPMorgan Chase & Co.*, No. 3:12-CV-2156-M BH, 2013 WL 497883, at *6 (N.D. Tex. Jan. 16, 2013), *report and recommendation adopted*, 2013 WL 500511 (N.D. Tex. Feb. 11, 2013) (citation omitted).

Here, Plaintiff alleges, "[a]s an alternative to the breach of contract claim," that Defendant engaged in unlawful collection activities.  (doc. 10 at 12.)  Defendant "misrepresented the amounts allegedly owed by Plaintiff on their mortgage loan and imposed wrongful charges," and as a result, "Defendant has obtained a benefit from Plaintiff by fraud, duress, or the taking of an undue advantage." (*Id.*)

Because express contracts, i.e., the deed of trust and the note, govern the subject matter in this

case, Plaintiff has not pled, and cannot plead, a claim for unjust enrichment. *See Bircher,* 2012 WL 3245991, at *6 (holding that "[t]he deed of trust and note preclude[d] a cause of action against [the foreclosing] Defendants for unjust enrichment") (citations omitted); *Johnson,* 2014 WL 717191, at *6 (finding that the subject matter of the dispute, plaintiff's payment of the note, was expressly governed by the contract, so he could not plead a claim for unjust enrichment as a matter of law).

Plaintiff also contends that a claim for unjust enrichment can be presented as an alternative theory of recovery to a claim for breach of contract. (doc. 18 at 18.)  Plaintiffs are not precluded from asserting claims for both breach of contract and unjust enrichment merely because the claims are inconsistent (*see Thompson*, 2014 WL 1373505, at *11); however, such claims can only be plead together where the contracts underlying the claim may later be held to be invalid. *See id*; cf. *Johnson*, 2014 WL 717191, at *6.  Here both Plaintiff and Defendant acknowledge the validity of the note and deed of trust.  (*See* doc. 10 at 2; doc. 18 at 11; doc. 15 at 14-15.)  Therefore, Plaintiff fails to state a claim for unjust enrichment, and the motion to dismiss his claim for unjust enrichment should be granted.  *Johnson*, 2014 WL 717191, at *6 (dismissing unjust enrichment claim where the subject matter of the dispute is expressly governed by contract and both plaintiff and defendant stipulate as to the validity of the contract).

**H.   Accounting**

Defendant seeks to dismiss Plaintiff's claim for an accounting because he failed to establish any of the prerequisites to a claim.  (*See* doc. 15 at 24.)  "An action for accounting may be a suit in equity, or it may be a particular remedy sought in conjunction with another cause of action." *Watson*, 2011 WL 4526980, at *9 (quoting *Brown v. Cooley Enters., Inc.*, No. 3:11-cv-0124-D, 2011 WL 2200605, at *1 (N.D.Tex. June 7, 2011). "If Plaintiffs' request for an accounting is a remedy sought

rather than a cause of action, the determination of whether an accounting would be an appropriate remedy must await the determination of the liability issues." *Watson*, 2011 WL 4526980, at *9 (citing *Shields v. Ameriquest Mortg. Co.*, No. 05-06-01647-cv, 2007 WL 3317533, at *2 (Tex. App.–Dallas 2007, no pet.).

Here, Plaintiff requests an accounting as a remedy, so he does not need to establish any of the prerequisites for a claim for an accounting.  (doc. 10 at 12-13.)   However, because all of Plaintiff's claims are subject to dismissal, he is not entitled to this relief.  *See Richardson*, 873 F. Supp.2d at 817 (finding that because the court dismissed all of plaintiff's causes of action, she was not entitled to relief in the form of an accounting).  Accordingly, Defendant's motion to dismiss Plaintiff's claim for accounting should be granted.

## I.    **Declaratory Judgment**[14]

Lastly, Defendant seeks to dismiss Plaintiff's request for a declaratory judgment on the basis that Plaintiff cannot prevail on any other claim as a matter of law.  (doc. 15 at 25.)

The Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, allows a federal court to declare the rights and legal relations of any interested party.  28 U.S.C. § 2201.  The availability of a declaratory judgment depends upon the existence of a judicially remediable right, however.  *See Bell v. Bank of Am. Home Loan Servicing LP*, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012).  Here, Plaintiff seeks a judgment declaring that (1) "Plaintiff has not materially breached the Deed of Trust contract on the Property," (2) "Defendant waived its right to foreclose and wrongfully foreclosed on the Property," (3) and "Defendant breached the Deed of Trust."  (doc. 10 at 12.)  Since Plaintiff has failed

---

[14]Defendant also seeks to dismiss Plaintiff's claim for injunctive relief on the basis that dismissal is proper on all of Plaintiff's substantive causes of action.  Plaintiff failed to request injunctive relief in the amended complaint, so it in unnecessary to address this claim.

to state a viable claim for relief against Defendant or show that a genuine controversy exists between the parties, his declaratory judgment action should be dismissed.  *See Bell*, 2012 WL 568755, at *8 (denying the plaintiff's request for declaratory judgment where she had alleged no facts leading to a conclusion that a present controversy existed between her and the defendant); *Turner v. AmericaHomeKey, Inc.*, No. 3:11-CV-0860-D, 2011 WL 3606688, at *6–7 (N.D. Tex. Aug. 16, 2011), *aff'd*, 2013 WL 657772 (5th Cir. Feb. 22, 2013) (declining to entertain the plaintiff's request for declaratory judgment where he had not pleaded a plausible substantive claim).[15]  Plaintiff's motion to dismiss Plaintiff's request for declaratory judgment should be granted.

### III.  OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."  *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567–68 (N.D. Tex. 2005) (Fitzwater, C.J.)(citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).  Nevertheless, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint.  *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (noting passage of 327 days).  Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case.  *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

---

[15]Defendant also moves to dismiss Plaintiff's claim for waiver.  Because Plaintiff has failed to specifically allege a claim for waiver, it is unnecessary to discuss it.

Here, it does not appear that Plaintiff has pled his best case.  He should therefore be accorded an opportunity to amend his first amended complaint to sufficiently state a claim for relief.

## IV.  RECOMMENDATION

If Plaintiff does not file a second amended complaint that states a claim for relief within the 14 days allotted for objections to this recommendation, or a deadline otherwise set by the Court, Defendant's motion to dismiss should be **GRANTED**, and all of Plaintiff's claims against it should be dismissed with prejudice.  If Plaintiff timely files a second amended complaint, however, the motion to dismiss should be **DENIED as moot**, and the action should be allowed to proceed on the second amended complaint.

**SO RECOMMENDED** on this 22nd day of August, 2014.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE